IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LACHETTA JANITZEK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-1209-LPS |
| | : | |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social | : | |
| Security, | : | |
| | : | |
| Defendant.[1] | : | |

Lachette Janitzek, Wilmington, Delaware.

    Pro Se Plaintiff.

Charles M. Oberly, III, Esquire, United States Attorney, and Heather Benderson, Esquire, Special Assistant United States Attorney, of the Office of the United States Attorney, Wilmington, Delaware.

Of Counsel: Eric P. Kressman, Esquire, Regional Chief Counsel, of the Social Security Administration, Philadelphia, Pennsylvania.

    Attorneys for Defendant.

**MEMORANDUM OPINION**

August 11, 2014
Wilmington, Delaware

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security, effective February 14, 2013, succeeding former Commissioner Michael Astrue, whose term expired on February 13, 2013. Pursuant to Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), Carolyn W. Colvin is automatically substituted as the defendant in this action.

[signature] 
**STARK, District Judge**

## I. INTRODUCTION

Plaintiff, Lachette Janitzek ("Janitzek or Plaintiff"), who appears *pro se*, appeals from a decision of Defendant, Carolyn W. Colvin, the Acting Commissioner of Social Security ("Commissioner" or "Defendant"), denying her application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433, 1381-1383f.

Presently before the Court is a motion to dismiss for want of jurisdiction filed by Defendant. (D.I. 8) For the reasons set forth below, the Court will grant the Commissioner's motion.

## II. BACKGROUND

Plaintiff filed an application for a period of disability, DIB, and SSI on March 31, 2011. (D.I. 8 Lillian L. Gremillion Decl. ("Gremillion Decl.") at ¶ (3)(a)) Plaintiff's applications were denied initially on August 15, 2011, and again upon reconsideration on November 21, 2011. (*Id.* at ¶ (3)(b)) On February 2, 2012, Plaintiff filed an untimely request for a hearing before an Administrative Law Judge ("ALJ"), and was advised by a letter dated March 7, 2012 that the request for hearing was untimely, that Plaintiff failed to provide a reason for her untimeliness, and that she had fifteen days from the date of the letter to submit a signed statement or other information showing the reasons that the request for hearing was untimely. (*Id.* at ¶¶ (3)(c) and (d)) On May 4, 2012, the ALJ issued a notice of dismissal, finding that Plaintiff had not established good cause for missing the deadline to request a hearing. (*Id.* at ¶ (3)(e))

Plaintiff filed a request for review, which the Appeals Council denied on August 8, 2012. (*Id.* at ¶ (3)(f)) The Appeals Council "found no reason under [the] rules to review the [ALJ's] dismissal."

1

(D.I. 8 Gremillion Decl. at ¶ (3)(g) and ex. 6) Plaintiff filed the instant action on September 26, 2012. (D.I. 2)

### III. LEGAL STANDARDS

When a party files a motion to dismiss attacking subject matter jurisdiction, the Court must first determine if the motion is a factual attack or a facial attack. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). Defendant's motion is a factual attack inasmuch as it concerns "the actual failure of [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). When a motion to dismiss for lack of subject matter jurisdiction attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations and the court may evaluate for itself the merits of jurisdictional claims." *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also* Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of showing that jurisdiction exists. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

Exclusive jurisdiction over Social Security benefits cases arise from 42 U.S.C. § 405(g). The same rule applies to SSI cases. *See* 42 U.S.C. § 1383(c)(3); *see also Callender v. Social Sec. Admin.*, 275 F. App'x 174, 175 (3d Cir. Apr. 23, 2008). Section 405(g) provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party[,] . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commission of Social Security may allow." Section 405(h) provides, in relevant part: "The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

2

As a general rule, judicial review is barred absent a "final decision" by the Commissioner of Social Security. *See Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998). Under the regulations, a "final decision" is one rendered after a claimant has completed the four-step administrative review process, the last step being a review by the Appeals Council. *See* 20 C.F.R. § 404.900(a); *see also Callender*, 275 F. App'x at 175. Exhaustion of administrative remedies requires a claimant to: (1) present a claim and receive an initial determination and, if dissatisfied, (2) request reconsideration of the initial determination and, if dissatisfied, (3) request a hearing before an administrative law judge and, if dissatisfied with the decision of the administrative law judge, (4) request review by the Appeals Council. *See* 20 C.F.R. § 404.900(a). A claimant's failure to exhaust all administrative remedies before filing an appeal deprives the court of subject matter jurisdiction. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

An Appeals Council decision to refrain from considering an untimely request for review is not a "final decision." *See Bacon v. Sullivan*, 969 F.2d 1517, 1519 (3d Cir. 1992). An exception to the "final decision" rule applies when a claimant presents a constitutional claim or a claim that is wholly collateral to the claim for benefits. *See Califano v. Sanders*, 430 U.S. 99, 108-09 (1977).

## IV. DISCUSSION

Defendant moves for dismissal on the grounds that Plaintiff failed to exhaust her administrative remedies and, therefore, the Court does not have subject matter jurisdiction. Plaintiff did not file a response to the motion.

The usual procedure for a claimant challenging the termination or denial of Social Security benefits or a claimant seeking reinstatement of benefits is as follows. The claimant files an application, typically form SSA-16, with the local Social Security Office. If the initial determination is not favorable to the claimant, she may file a Request for Reconsideration, using form SSA-561-

3

U2. If the determination on reconsideration is unfavorable, she can file a "Request for Hearing by Administrative Law Judge" using form HA-501-U5. If a hearing is held before an ALJ, the ALJ will issue a written decision. If the ALJ's decision is unfavorable to the claimant, the claimant can seek review by the Appeals Council, usually by the filing of a form HA-520-U5, a "Request for Review of Hearing Decision/order." Once the Appeals Council has issued its decision, a claimant has sixty days to file a complaint in the United States District Court for the judicial district in which the claimant resides. *See Cano v. Commissioner of Social Sec. Admin.*, 2010 WL 4780056, at *2-3 (D.S.C. Sept. 21, 2010).

Plaintiff's claim is not collateral to her claim for benefits. Rather, she seeks review of the decision that denied her benefits. The Appeals Council's decision not to consider Plaintiff's untimely request for review is not a "final decision" subject to judicial review under § 405(g). *See Bacon*, 969 F.2d at 1519. Hence, Plaintiff's Complaint is not properly before the Court.

It is Plaintiff's burden to establish subject matter jurisdiction, yet she did not oppose the motion to dismiss or present any evidence to support a finding of subject matter jurisdiction by this Court. Therefore, the Court must dismiss this action for lack of subject matter jurisdiction.

## V.   CONCLUSION

For the reasons discussed above, the Court will grant Defendant's Motion to Dismiss. An appropriate Order will be entered.